# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

**RANDOLPH HOWARD FISHER,**

    **Plaintiff,**

**v.**             **Case No:   6:15-cv-635-Orl-37LRH**

**COMMISSIONER OF SOCIAL
SECURITY,**

    **Defendant.**

_____

## REPORT AND RECOMMENDATION

**TO THE UNITED STATES DISTRICT COURT:**

   This cause came on for consideration without oral argument on the following motion filed

herein:

| | |
|---|---|
| **MOTION:** | **RICHARD A. CULBERTSON'S REQUEST FOR AUTHORIZATION TO CHARGE A REASONABLE FEE AND MEMORANDUM ON REASONABLE FEES PURSUANT TO 42 U.S.C. § 406(b) (Doc. No. 22)** |
| **FILED:** | **January 16, 2019** |

**THEREON** it is **RECOMMENDED** that the motion be **GRANTED in part**.

## I.  PROCEDURAL HISTORY.

   Plaintiff, Randolph Howard Fisher, filed a complaint against Defendant, the Commissioner

of Social Security, alleging that the Commissioner had improperly denied him social security

disability benefits.   Doc. No. 1.   In the Joint Memorandum filed by the parties, Fisher raised six

assignments of error, three of which the Court determined to be dispositive and meritorious.   Doc.

Nos. 12–14.   The Court reversed the final decision of the Commissioner and remanded the case for

further proceedings.   Doc. No. 14.   On August 4, 2016, the Clerk of Court entered judgment against the Commissioner and in favor of Fisher.   Doc. No. 15.

Thereafter, Fisher's attorney, Richard A. Culbertson, Esq., filed a motion for an award of attorney's fees under the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412.   Doc. No. 16. The Court granted the motion in part and awarded a total of $4,078.38 in attorneys fees under the EAJA.   Doc. Nos. 18, 19.

It appears that, on remand, the Commissioner determined that Fisher was entitled to disability benefits.   *See* Doc. No. 22-2.   The Commissioner withheld 25% of Fisher's past-due benefits in the amount of $31,084.00.   *Id.*   The Notice provided by the Commissioner does not state the total amount of past due benefits awarded to Fisher.   Attorney Culbertson calculates that amount at $124,336.00.   Doc. No. 26, at 2 n.1.[1]

In his motion, Attorney Culbertson initially requested that the Court permit him to charge Fisher $27,005.62 in attorney's fees pursuant to 42 U.S.C. § 406(b), which included an offset for the EAJA fees previously awarded by the Court.[2]   The Commissioner opposed the motion, contending that the total amount of fees sought by Attorney Culbertson is large in comparison to the amount of time spent on the case.   Doc. No. 23.   The Court ordered Attorney Culbertson to file a reply brief addressing the Commissioner's concern and addressing whether Fisher objects to the amount of fees requested.   Doc. No. 24.

---

[1] If $31,084.00 is twenty-five percent of the past-due benefits, then one-hundred percent of the past-due benefits would be $124,336.00 ($31,084.00 x 4).

[2] When attorney's fees are awarded under both § 406(b) and the EAJA, a social security claimant's attorney must either refund to the claimant the EAJA fees previously received or allow the EAJA fee to be deducted from the amount of withheld past-due benefits.   *See Jackson v. Comm'r of Soc. Sec*., 601 F.3d 1268, 1274 (11th Cir. 2010); *Bergen v. Comm'r of Soc. Sec*., 454 F.3d 1273, 1277 (11th Cir. 2006).   Attorney Culbertson has elected the latter approach.

In reply, Attorney Culbertson represents that he spoke with Fisher and agreed to reduce the amount of the fee requested to $25,084.00, as that represents the amount currently held by the Social Security Administration.   Doc. No. 26, at 1.   Attorney Culbertson further represents that Fisher has no objection to authorization of a reasonable fee in the amount of $25,084.00, which represents twenty percent of the total past-due benefits awarded to Fisher.   *Id.* at 1–2.   He also addresses the Commissioner's contention that the fee is large in comparison to the amount of hours spent on the case.   *Id.* at 2–5.[3]

The motion was referred to the undersigned for issuance of a Report and Recommendation, and the matter is ripe for review.

## II.   APPLICABLE LAW.

Attorney Culbertson seeks attorney fees pursuant to § 406(b), which provides, in relevant part, as follows:

> Whenever a court renders a judgment favorable to a claimant . . . who was represented before the court by an attorney, the court may determine and allow as part of its judgment a reasonable fee for such representation, not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled by reason of such judgment[.]

42 U.S.C. § 406(b)(1)(A).[4]   The statute further provides that it is unlawful for an attorney to charge, demand, receive or collect for services rendered in connection with proceedings before a court any

---

[3] In the reply, Attorney Culbertson requests that the Court hold oral argument on the motion.   Based on the parties' briefing, the undersigned determined that oral argument was unnecessary.

[4] In *Culbertson v. Berryhill*, 139 S. Ct. 517 (2019), the United States Supreme Court determined that the 25% limit on the amount of fees to be awarded from past-due benefits applies only to fees for court representation, rather than to the aggregate of fees awarded for work at the administrative level pursuant to 42 U.S.C. § 406(a) and fees awarded for work in a court pursuant to 42 U.S.C. § 406(b).   In this decision, the Supreme Court reversed previous controlling law in this Circuit that required the court to consider § 406(a) fees and § 406(b) fees in the aggregate when calculating the 25% limit on the amount of fees that could be awarded from past-due benefits.   *See Dawson v. Finch*, 425 F.2d 1192 (5th Cir. 1970). Accordingly, here, the Court need not consider any § 406(a) fees awarded to the claimant's attorney at the administrative level.

amount in excess of that allowed by the court.   *Id*. at § 406(b)(2).   Thus, to receive a fee under this statute, an attorney must seek court approval of the proposed fee, even if there is a fee agreement between the attorney and the client.

In *Bergen v. Comm'r of Soc. Sec.*, 454 F.3d 1273 (11th Cir. 2006), the Eleventh Circuit held that § 406(b) "authorizes an award of attorney's fees where the district court remands the case to the Commissioner of Social Security for further proceedings, and the Commissioner on remand awards the claimant past-due benefits." *Id*. at 1277.   Thus, if the court remands a case to the Commissioner, the claimant's attorney is entitled to recover his attorney fees for the work he performed before the court under § 406(b) if, on remand, the Commissioner awards the claimant past-due benefits. *Id*.

The reasonableness of an attorney fee under § 406(b) depends upon whether the claimant agreed to pay the attorney an hourly rate or a contingency fee.   In the case of a contingency fee, the best indicator of "reasonableness" is the percentage actually negotiated between the claimant and the attorney. *Wells v. Sullivan*, 907 F.2d 367, 371 (2d Cir. 1990).   However, a court cannot rely solely upon the existence of a contingency fee agreement. *See Gisbrecht v. Barnhart*, 535 U.S. 789, 807–08 (2002).   Rather, a court must review the contingency fee agreement as an independent check to assure that it yields a reasonable result in each particular case. *Id*.

In determining whether the amount sought is reasonable, the court may consider the following factors: 1) the character of the attorney's representation and the result achieved; 2) the number of hours spent representing the claimant and the attorney's normal billing rate; 3) the risk involved in taking claimant's case on a contingency basis; and 4) whether the attorney was responsible for delaying the proceedings. *See id*. at 808; *see also McGuire v. Sullivan*, 873 F.2d 974, 981 (7th Cir. 1989); *McKee v. Comm'r of Soc. Sec.*, Case No. 6:07-cv-1554-Orl-28KRS, 2008

WL 4456453, at *5 (M.D. Fla. Sept. 30, 2008); *Yarnevic v. Apfel*, 359 F. Supp. 2d 1363, 1365 (N.D. Ga. 2005). The attorney seeking fees under § 406(b) bears the burden of showing that the fee sought is reasonable for the services rendered. *Gisbrecht*, 535 U.S. at 807 n.17; *McKee*, 2008 WL 4456453, at *5.

## III.   ANALYSIS.

Attorney Culbertson represented Fisher before this Court. Doc. No. 1. The case was remanded to the Commissioner, who found that Fisher was disabled and, as a result, awarded him a total of $124,336.00 in past-due benefits. Doc. Nos. 14, 22-2. Thus, Attorney Culbertson is entitled to an award of attorney fees under § 406(b). *See Bergen*, 454 F.3d at 1271.

Fisher entered into a contingency fee agreement, in which he agreed to pay Attorney Culbertson and his law firm a fee of twenty-five percent of the total amount of the past-due benefits ultimately awarded. Doc. No. 22-1. Attorney Culbertson seeks a total of $25,084.00 in § 406(b) fees, which represents only twenty percent of the total amount of the past-due benefits. The presence of the contingency-fee agreement favors a finding that the requested amount, which is less than the amount Attorney Culbertson is entitled to recover under the agreement, is reasonable. *See Wells*, 907 F.2d at 371.

In addition, in support of the motion, Attorney Culbertson represents that he and his associate, Attorney Sarah Fay, and his paralegal, Michael Culbertson, spent at least 29.9 hours representing Fisher in this Court. Doc. No. 22, at 2–3 (citing Doc. No. 16, at 2). My review of the file reflects that this was a contested matter before this Court, and there is no showing that counsel unreasonably delayed the proceedings. The administrative record was 549 pages long, and the Court gave the matter careful review. Doc. Nos. 10-8, 13, 14. As a result of the work of counsel, Fisher was successful on remand of his claims for further consideration. I note that Fisher

agrees that the amount of fees requested are reasonable and has no objection to Attorney Culbertson's motion.  Doc. No. 26, at 1–2.  Under these circumstances, I find that Attorney Culbertson's request for $25,084.00 in attorney fees under § 406(b) is not a windfall and is reasonable in this case.

## III.    RECOMMENDATION.

Based on the foregoing, **I RESPECTFULLY RECOMMEND** that the Court **GRANT in part** Richard A. Culbertson's Request for Authorization to Charge a Reasonable Fee and Memorandum on Reasonable Fees Pursuant to 42 U.S.C. § 406(b) (Doc. No. 22) and **ORDER** that Attorney Culbertson is allowed to charge Plaintiff Randolph Howard Fisher a fee under § 406(b) in the amount of $25,084.00, which represents the amount as amended by agreement between Attorney Culbertson and Fisher.

## <u>NOTICE TO PARTIES</u>

A party has fourteen days from this date to file written objections to the Report and Recommendation's factual findings and legal conclusions.  A party's failure to file written objections waives that party's right to challenge on appeal any unobjected-to factual finding or legal conclusion the district judge adopts from the Report and Recommendation.  *See* 11th Cir. R. 3-1.

Recommended in Orlando, Florida on March 20, 2019.

**LESLIE R. HOFFMAN**
**UNITED STATES MAGISTRATE JUDGE**

Copies furnished to:

Presiding District Judge
Counsel of Record
Unrepresented Party

- 6 -

Courtroom Deputy